**STATE OF WASHINGTON**
**PIERCE COUNTY SUPERIOR COURT**

NALLELI OLIVERAS HERRERA,

        Plaintiff,

    v.

P.S.C., INC. D/B/A PUGET SOUND
COLLECTIONS,

        Defendant.

NO.

PLAINTIFF'S [FIRST AMENDED]
COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR
VIOLATIONS OF THE CONSUMER
PROTECTION ACT AND THE FAIR
CREDIT REPORTING ACT

COMES NOW, Plaintiff, NALLELI OLIVERAS HERRERA, by and through her

counsel, ROBERT MITCHELL, and complains against the Defendant as follows:

## I.  <u>STATEMENT OF THE CASE</u>

1.1    Defendant is a debt collector that credit reports small medical debts to Credit

Reporting Agencies ("CRAs") as a means to force consumers to pay old medical debts: "**The**

**Court has learned, through its work on countless FDCPA cases, that threatening to**

**report and reporting debts to CRAs is one of the most commonly-used arrows in the debt**

**collector's quiver.**"  *Edeh v. Midland Credit Management*, 748 F. Supp. 2d 1030, 1035 (D.

Minn. 2010).  (*Emphasis added*).  "[t]he reality is that debt collectors use the reporting

mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone

calls."  *Cass*, FTC Informal Staff letter (Dec. 23, 1997).

PLAINTIFF'S FIRST AMENDED
COMPLAINT

1

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

1.2     The types of medical bills Defendant collects are ruining too many Americans' financial lives. According to the Consumer Financial Protection Bureau, nearly one in five credit reports contain one or more medical debt collection tradelines.[1] Even relatively small medical bills can have devastating consequences for consumers who often have difficulty tracking down who they allegedly owe for what medical care, especially after the bills are assigned to a collection agency.

1.3     Balance billing and surprise medical debts are a common complaint in the United States.  See "**The Nonprofit Hospital That Makes Millions, Owns a Collection Agency and Relentlessly Sues the Poor**" Pro Publica article at https://www.propublica.org/article/methodist-le-bonheur-healthcare-sues-poor-medical-debt

1.4     In fact, Surprise Medical Bills are so pervasive that Congress was forced to include protections against surprise medical billing in the OMNIBUS SPENDING ACT in 2020.  See H.R. 133, Consolidated Appropriations Act, 2021, 116th Congress (2019-2020).

1.5    Washington's Attorney General has also taken action.  On April 29, 2019, St. Joseph entered a multimillion-dollar Consent Decree with the Washington State Attorney General, to resolve *State of Washington v. Franciscan Health System d/b/a Chi-Franciscan Health d/b/a St. Joseph Medical Center*, Pierce County Superior Court Cause No. 17-2-10901-2.  See **EX. A**.

---

[1] CFPB, Consumer credit reports: A study of medical and non-medical collections at 4 (Dec. 2014), available at https://files.consumerfinance.gov/f/201412_cfpb_reports_consumer-credit-medical-and-non-medical-collections.pdf.

PLAINTIFF'S FIRST AMENDED COMPLAINT

2

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

1.6    The Consent Decree resolved $25 million of St. Joseph medical accounts incurred between January 1, 2012 and July 1, 2017, many of which were in collections.  *Id*. at p. 10.

1.7    Another local hospital group was sued for similar conduct.  See <u>Fangsrud von Esch v. Legacy Salmon Creek and Asset Systems, Inc.</u>, U.S. Dist. Court for the W.D. Wash., Civil Cause No. 16-cv-5842-BHS.  (This case resulted in the third party collection agency returning 2,500 suspected balance billing accounts to the hospital, and the hospital voluntarily discharging the 2,500 accounts, likely totaling a balance in the seven or eight figure range).

1.8    The largest Physicians Group in the nation is currently the subject of a class action lawsuit involving surprise medical debts and balance billing, claims eerily similar to this case.  See <u>Sia Fraser et al. v. Team Health Holdings, Inc.</u>, U.S. Dist. Court for the Northern District of California, Civil Cause No. 3:20-cv-04600.

1.9    In 2019, the Washington State Legislature responded to the growing crisis caused by aggressive collection of medical debts with a series of reforms. Among other things, a collection agency collecting hospital debt must advise consumers of their potential eligibility for financial assistance, known as charity care, in their initial letters seeking to collect on alleged debts for hospital care.  RCW 19.16.250(28 - 29).

1.10    Many of the accounts Defendant seeks to collect fall into the same category as those addressed by the above-referenced lawsuits, the Attorney General's Consent Decree, Washington's new debt collection legislation, and the U.S. Congress' new legislation.

PLAINTIFF'S FIRST AMENDED COMPLAINT

3

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

1.11    Given this dynamic, it is important for Defendant to strictly adhere to RCW 19.16.250(28) and (29), by providing patients with requested documents to enable patients to research medical debts, insurance payments and adjustments, and determine how to ensure that providers receive payment.

1.12    In this case, Defendant is credit reporting a medical debt on Plaintiff's consumer credit report.  Plaintiff disputed the account to Defendant in writing and requested that Defendant provide Plaintiff with validation documents.  Defendant was required to cease collections unless and until Defendant provided Plaintiff with the itemized information listed in RCW 19.16.250(28) *et seq.*

1.13    Defendant never provided the required itemization.

1.14    Yet, Defendant continued attempts to collect the account through credit reporting, and even increased the balance on Plaintiff's consumer credit reports.

1.15    Defendant knowingly, willingly, and intentionally damaged Plaintiff's credit in pursuit of payment a medical debt.

1.16    Plaintiff has suffered injury and damages as a result of Defendants' unfair and deceptive business practices.

## II.    PARTIES

2.1    Plaintiff, NALLELI OLIVERAS HERRERA is a resident of Pierce County, Washington.

2.2    Defendant alleges that Plaintiff obtained medical services from a medical provider.

PLAINTIFF'S FIRST AMENDED COMPLAINT

4

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

2.3     Defendant is currently credit reporting the following information on Plaintiff's consumer credit reports: "PLACED FOR COLLECTION; ORIGINAL CREDITOR: MEDICAL; MEDICAL"

2.4     If Plaintiff received the alleged medical care, the medical services were used primarily for personal, family, and household purposes.

2.5     Defendant alleges that Plaintiff defaulted on the account by failing to make timely payments.

2.6     Plaintiff is therefore a "consumer" as defined by 15 U.S.C. § 1692(a)(3) (the Fair Debt Collection Practices Act), a "debtor" as defined by RCW 19.16.100(8) (Washington's Collection Agency Act), a "person" as defined by RCW 19.86.010(1) (Washington's Consumer Protection Act), and Plaintiff acted as a "consumer" "debtor" and "person" at all times relevant to this litigation.

2.7     Defendant, P.S.C., INC. D/B/A PUGET SOUND COLLECTIONS, a Washington Corporation, (hereinafter "PSC" or "Defendant"), is a collection agency, a debt collector, a business and a "person," which regularly collects defaulted accounts originally owed to others.

2.8     The principal purpose of Defendant's business is the collection of third-party debts originally owed to others.

2.9     Defendant is a licensed collection agency and conducts business in Washington State under UBI No. 600577163.

PLAINTIFF'S FIRST AMENDED COMPLAINT

5

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

2.10    Defendant is therefore a "collection agency" as defined by the WCAA, a "person" as defined by the CPA, a "debt collector" as defined by the FDCPA, and Defendant acted as such at all times relevant to this complaint.

2.11    Defendant made attempts to collect the debts at the heart of this lawsuit.

### III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in Pierce County Superior Court are appropriate where all acts at issue and described herein occurred in Pierce County Washington, and where the injury to Plaintiff occurred in Pierce County Washington, and where the Defendants have engaged in substantial business contacts in Pierce County Washington, and where Defendants have already submitted to this jurisdiction by credit reporting and attempting to collect medical debts from Plaintiff in this jurisdiction, and where Plaintiff prays for injunctive relief that exceeds the jurisdiction of the State District Court.   RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

3.2    Defendants are liable unto Plaintiff pursuant to the provisions of the Washington Collection Agency Act (WCAA), RCW 19.16 *et seq.*, the Consumer Protection Act (CPA), RCW 19.86 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*, as well as other applicable state and federal laws.

### IV.    FACTS

4.1    Plaintiff is a person and a consumer.

4.2    Defendant is a debt collector and collection agency.

PLAINTIFF'S FIRST AMENDED COMPLAINT

6

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

4.3     The principle purpose of Defendant's business is the collection of defaulted third party debts.

4.4     Defendant alleges that Plaintiff owes a medical debt from <u>June 9, 2014</u>.

4.5     Medical debts are primarily used for personal, family, and household purposes.

4.6     Defendant is credit reporting a medical debt on Plaintiff's consumer credit report.

4.7     Defendant's credit reporting is cryptic and provides very little information about the account: "PLACED FOR COLLECTION; ORIGINAL CREDITOR: MEDICAL; MEDICAL"

4.8     On or about <u>February 7, 2021</u>, Defendant received a dispute letter concerning the medical debt Defendant is credit reporting on Plaintiff's consumer credit report.

4.9     The dispute letter stated in pertinent part:

> …The purpose of this correspondence is to inform you that Nalleli Oliveras Herrera **DISPUTES** the above debt and demands that you provide my office with **VALIDATION/VERIFICATION** of the debt.  If you decline to send validation documents to my office, please mail the documents directly to Nalleli at…In the interim, if you are reporting this debt to a consumer reporting agency, you should inform the agency that the debt is **DISPUTED**.  Your attention to this matter is appreciated and we look forward to receiving validation…

4.10    RCW 19.16.250(28)(b)(i) requires that Defendant cease collections unless and until Defendant provides Plaintiff with the information required by RCW 19.16.250(28)(b)(i)(A – H).

PLAINTIFF'S FIRST AMENDED COMPLAINT

7

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

4.11    Defendant did not provide the validation documents or itemization required by RCW 19.16.250(28).

4.12    Defendant did not cease collections.

4.13    Defendant continued updating the tradeline to the credit reporting agencies.

4.14    Credit Reporting is considered "debt collection."  See *Supra.*, *Edeh v. Midland Credit Management*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010); *Cass*, FTC Informal Staff letter (Dec. 23, 1997).

4.15    Defendant increased the balance of the account when Defendant updated the tradeline to the Credit Reporting Agencies in March, April, and May of 2021.

4.16    Defendant's credit reporting damaged Plaintiff's credit, character, reputation, and finances.

4.17    Given the age of the account (June 9, 2014) it was important that Defendant provide Plaintiff with the itemization required in RCW 19.16.250(28)(b)(i)(A – H).

4.18    Defendant's failure or refusal to provide Plaintiff with documents validating the account made it impossible for Plaintiff to determine the validity of the account, research whether payment was made on the account, research adjustments or payments to the account, or take any other action to mitigate the damage caused by Defendant's debt collection and credit reporting.

4.19    Defendant's acts and practices were unfair, deceptive, and outrageous.

4.20    Defendant's unfair, deceptive, and outrageous acts and practices occurred in the course of trade and commerce.

PLAINTIFF'S FIRST AMENDED
COMPLAINT

8

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

4.21    Defendant's unfair, deceptive, and outrageous acts and practices involve matters of public interest (business, credit reporting, debt collection, *inter alia*).

4.22    Defendant's unfair, deceptive, and outrageous acts and practices have the capacity for repetition.

4.23    Plaintiff was injured and damaged in her person and property by Defendant's unfair, deceptive, and outrageous acts and practices.

4.24    Defendant's unfair, deceptive, and outrageous acts and practices were a direct and proximate cause of Plaintiff's injuries and damages.

4.25    Defendant's unfair, deceptive, and outrageous acts and practices were intentional, willful, wanton, unfair, unconscionable, and completely unacceptable in a civilized society.

4.26    Defendant's unfair, deceptive, and outrageous acts and practices illustrate why an injunction is necessary to protect Plaintiff and other Washington citizens from similar harm.

## V.    FIRST CAUSE OF ACTION

### (*Per Se* Consumer Protection Act – State Collection Agency Act Violation)

5.1    Plaintiff re-alleges paragraphs I. through IV., inclusive as though fully set forth herein.

5.2    Washington's Consumer Protection Act (hereinafter "CPA") states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

PLAINTIFF'S FIRST AMENDED
COMPLAINT

9

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

5.3    The CPA applies to the actions at issue herein because the Plaintiff is a "person" and the Defendant is a "person," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in her property by Defendant's unfair and deceptive acts and practices, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

5.4    Additionally, Washington's Collection Agency Act (hereinafter "WCAA") prohibits collection agencies from engaging in certain unfair and/or deceptive collection acts or practices.  RCW 19.16.250(1 – 29).

5.5    The WCAA states that violations of the WCAA are *per se* CPA violations RCW 19.16.440.

5.6    The "Prohibited Practices" section of the WCAA states in pertinent part that "No licensee or employee of a licensee shall…If the claim involves a medical debt:"

> Fail to provide to the debtor, upon written or oral request by the debtor for more information than is contained in a general balance due letter, an itemized statement free of charge…The itemized statement must include: (C) The health care services provided to the patient as indicated by the health care provider in a statement provided to the licensee…(E) Any adjustment to the bill, such as negotiated insurance rates or other discounts…(F) The amount of any payments received, whether from the patient or any other party…and (H) Whether the patient was found eligible for charity care or other reductions and, if so, the amount due after all charity care and other reductions have been applied to the itemized statement…

RCW 19.16.250(28)(b)(i)(A); (C); (E); (F); and (H).

PLAINTIFF'S FIRST AMENDED COMPLAINT

10

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

5.7     The "Prohibited Practices" section of the WCAA also states: "**Unless and until the licensee provides the itemized statement, the licensee must cease all collection efforts**." RCW 19.16.250(28)(b)(i) (Emphasis added).

5.8     Finally, the "Prohibited Practices" section of the WCAA states that a licensee shall not:

> Communicate or threaten to communicate, the existence of a claim
> to a person other than one who might be reasonably expected to be
> liable on the claim in any manner other than through proper legal
> action, process, or proceedings…

RCW 19.16.250(10).

5.9     In this case, Defendant violated both the Washington Collection Agency Act and the Washington Consumer Protection Act (*per se* violation), by reporting the account to the Credit Reporting Agencies, and by updating the account and increasing the balance of the account to the Credit Reporting Agencies, but failing or refusing to provide Plaintiff with the itemized statement required by RCW 19.16.250(28) *et seq*.

5.10    The statute clearly states that until and unless Defendant provided Plaintiff with the information required in RCW 19.16.250(28), Defendant was required to cease collections.

5.11    And, Defendant's credit reporting did not occur *through proper legal action, process, or proceedings* because the credit reporting was prohibited by RCW 19.16.250(28)(b)(i).

5.12    Defendant never provided the required itemization, but continued collection attempts through credit reporting.

PLAINTIFF'S FIRST AMENDED
COMPLAINT

11

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

5.13    In the alternative to a *per se* violation, Defendant's acts and practices were unfair and deceptive in and of themselves.

5.14    Plaintiff was injured and damaged by Defendant's unfair and deceptive acts and practices.

5.15    Defendant's unfair and deceptive acts and practices are a direct and proximate cause of Plaintiff's injuries.

5.16    Defendant's unfair acts and practices were intentional, willful, wanton, unfair, unconscionable, and outrageous.

5.17    Defendant's unfair acts and practices illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VI.    SECOND CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

6.1    Plaintiff re-alleges paragraphs I. through V., inclusive as though fully set forth herein.

6.2    Pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

6.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for

PLAINTIFF'S FIRST AMENDED
COMPLAINT

12

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

6.4     Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

6.5     Defendant is a "debt collector" as defined by the FDCPA, and Defendant attempted to collect a consumer debt from Plaintiff.

6.6     The FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendant is a "debt collector" which attempted to collect a debt originally owed to a third party.

6.7     The Fair Debt Collection Practices Act (hereinafter "FDCPA") states in pertinent part that debt collector cannot:

    A.     "…engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

    B.     Falsely represent "..the character, amount, or legal status of a debt…." 15 U.S.C. § 1692e(2).

    C.     Communicate or threaten "to communicate to any person credit information which is known or which should be known to be false..." 15 U.S.C. § 1692e(8).

PLAINTIFF'S FIRST AMENDED COMPLAINT

13

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

D.   Use "…any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

E.   Use "…unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

F.   Collect or attempt to collect any amount "…unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

6.8    In this case, Defendant violated the above-referenced statutory provisions by continuing to collect a debt without providing validation or verification of the account to Plaintiff after she requested proof in writing.

6.9    In this case, Defendant violated the above-referenced statutory provisions by continuing to update the account each month to the Credit Reporting Agencies, despite receiving a written dispute and request for verification/validation, and despite failing or refusing to provide the validation documents and information required by RCW 19.16.250(28 – 29).

6.10   Rather than do the right thing and delete the tradeline from Plaintiff's credit report, Defendant used the erroneous credit reporting as a means to harass, oppress, frustrate, and embarrass Plaintiff, in attempt to force her to pay this disputed account.

6.11   Defendant's actions were unfair, deceptive, oppressive, outrageous, willful, wanton, unfair, and unconscionable and intentionally designed to injure and damage Plaintiff.

6.12   Defendant's unfair, deceptive, oppressive, outrageous, intentional, willful, wanton, unconscionable and intentional acts and practices injured and damaged Plaintiff.

PLAINTIFF'S FIRST AMENDED COMPLAINT

14

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

6.13    Defendant's unfair, deceptive, oppressive, outrageous, intentional, willful, wanton, unconscionable and intentional acts and practices were a direct and proximate cause of Plaintiff's injuries and damages.

6.14    Defendant's unfair, deceptive, oppressive, outrageous, intentional, willful, wanton, unconscionable and intentional acts and practices illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VII.    THIRD CAUSE OF ACTION

### (Outrage)

7.1    Plaintiff re-alleges paragraphs I. through VI., inclusive as though fully set forth herein.

7.2    The elements of the tort of outrage are ("1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of plaintiff."  Rice v. Janovich, 109 Wn.2d 48, 61 (1987).

7.3    Washington adopted the tort of outrage and the theory of Restatement (Second) of Torts.  Jackson v. Peoples Fed. Credit Union, 25 Wash.App. 81, 84, 604 P.2d 1025, 1027 (1979).

7.4    In Washington, creditors and debt collectors can be held liable for outrage damages if they employ improper, excessive, or oppressive means, while attempting to collect a debt.  See Jackson at 85 and 1025; Lucero v. Cenlar FSB, W.D. Wash. Cause No. C13-0602-RSL, Doc. # 255, denying Defendant's Motion for Summary Judgment on Plaintiff's Claim of Outrage); and Vawter v. Quality Loan Serv. Corp. of Washington, 707 F.Supp.2d 1115, 1128 (W.D. Wash. 2010).

PLAINTIFF'S FIRST AMENDED COMPLAINT

15

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

7.5    In this case, Defendant's flagrant statutory violations were extreme, outrageous, intentional, reckless, improper, excessive, oppressive, and inflicted severe emotional distress upon Plaintiff.

7.6    Defendant's outrageous business model results in significant damage and injury to the poorest and most vulnerable of Washington's citizens.

7.7    In this case, Defendant was required to cease collections and credit reporting unless and until Defendant provided Plaintiff with an itemization of the account.

7.8    Defendant failed or refused to provide Plaintiff with the required information.

7.9    Nevertheless, Defendant continued reporting the disputed account to the Credit Reporting Agencies, and even increased the amount of the debt.

7.10   Any reasonable juror would conclude that Defendant's actions and inactions are extreme, outrageous, utterly unacceptable in a civilize society, intentional and reckless, and specifically designed to inflict severe emotional distress upon innocent consumers in attempt to extort payment of disputed debts.  Defendant's business model leads a civilized individual to question: *What kind of company would ever intentionally injure the financial livelihood of thousands of vulnerable Americans to turn a profit off doubtful medical bills incurred by the needy*?  A jury would be disgusted by this business model and would gladly pay Plaintiff emotional distress damages for falling victim to these borderline criminal practices. As the Honorable Judge Lasnik stated in <u>Lucero v. Cenlar FSB</u>, "…the factfinder could easily find for plaintiff…"  <u>Lucero v. Cenlar FSB</u> at p. 14.

PLAINTIFF'S FIRST AMENDED COMPLAINT

16

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

7.11    Defendant's intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable actions shock the conscience.

7.12    Plaintiff was injured and damaged emotionally by Defendant's intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable actions.

7.13    Defendant's intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable actions were a direct and proximate cause of Plaintiff's injuries and damages.

7.14    Defendant's intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable actions illustrate why an injunction is necessary to protect Plaintiff and other Washington consumers from similar harm.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

A.    For an Injunction preventing Defendant from ever again furnishing a Washington citizens'  medical account to any Credit Reporting Agency, for any reason whatsoever, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

PLAINTIFF'S FIRST AMENDED COMPLAINT

17

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224       Fax (888) 840-6003

B.      For an Injunction preventing Defendant from ever again furnishing any adverse or negative information to any Credit Reporting Agency if the adverse or negative information relates to Plaintiff in any manner whatsoever, pursuant to RCW 19.86.090, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

C.      For an Injunction preventing Defendant from ever again collecting upon any account, claim, or debt that involves Plaintiff in any manner whatsoever, pursuant to RCW 19.86.090, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

D.      For an Injunction preventing Defendant from ever selling, transferring, or assigning the debt at the heart of this litigation, pursuant to RCW 19.86.090, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

E.      For an Injunction preventing Defendant from ever again furnishing any adverse or negative information to any Credit Reporting Agency if the information relates in any

PLAINTIFF'S FIRST AMENDED COMPLAINT

18

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

manner to a medical debt owed or allegedly owed by a Washington citizen, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

F.    For an Injunction preventing Defendant's customer, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

G.    For Actual and Compensatory damages, in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. § 1692 et seq., and various common law claims;

H.    For Intentional Infliction of Emotional Distress, or Negligent Infliction of Emotional Distress damages, in the amount of $1,000,000.00, pursuant to 15 U.S.C. § 1692 et seq.; and Jackson v. Peoples Credit Union, 604 P.2d 1025 (1979); and Baker v. G.C. Servs. Corp., 677 F.2d 775 (9th Cir. 1982);

I.    For Statutory damages, in the amount of $1,000, pursuant to 15 U.S.C. § 1692 et seq.;

PLAINTIFF'S FIRST AMENDED COMPLAINT

19

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

J.      For Incidental and Consequential damages, in an amount to be proven at trial;

K.      For treble any "actual" damages, up to the amount of $25,000, pursuant to RCW 19.86 *et seq.*;

L.      For costs and reasonable attorneys' fees against all Defendants, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1692 *et seq.*; and RCW 19.86 *et seq.*;

M.      For interest on the above amounts as authorized by law;

N.      For other relief as the Court deems just and equitable; and

O.      For leave to amend this complaint as needed and as required, including leave to seek Fed. R. Civ. P. 23 status, if information becomes available through discovery supporting numerocity, commonality, and the need for class action status.

## IX.    REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

DATED this 7th day of June, 2021.

Respectfully submitted,

s//*Robert W. Mitchell*

ROBERT MITCHELL, WSBA #37444
Attorney for Plaintiff

PLAINTIFF'S FIRST AMENDED
COMPLAINT

20

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003